IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND,<br>2400 Research Boulevard<br>Rockville, Maryland 20850,<br><br>        Plaintiff,<br><br>        v.<br><br>LIGHTHOUSE ELECTRIC, INC.,<br>an Illinois corporation,<br>35 Country Manor Lane<br>Orland Park, IL 60467,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 8:19-cv-0257<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant Lighthouse Electric, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because the NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

1

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("<u>IBEW</u>") and the National Electrical Contractors Association ("<u>NECA</u>"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant is an Illinois corporation whose business address and main place of business is 35 Country Manor Lane, Orland Park, IL 60467.

## STATEMENT OF CLAIM

6. Defendant is a signatory, and has been a signatory continuously during all relevant periods to collective bargaining agreements (the "<u>Collective Bargaining Agreements</u>") with the IBEW Local Unions 134 and 461 as the collective bargaining representatives of Defendant's employees. Pursuant to the Collective Bargaining Agreement, Defendant has been and is currently

obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreement during all relevant times.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. Notwithstanding its obligations pursuant to the Collective Bargaining Agreement and the NEBF Trust Agreement, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreement.

9. According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $14,855.48 in contributions for work performed during the period May 2016 through December 2018.

10. NEBF and its counsel made several demands for payment of the amounts due, but Defendant failed to satisfy its contractual obligations.

11. Interest on the aforementioned delinquent contributions is $1,334.84.

12. Liquidated damages on the aforementioned delinquent contributions are equal to $2,971.10.

13. According to an audit of Defendant's books and records conducted in 2018, Defendant owes to NEBF at least $478.22 in unpaid delinquent contributions for work performed during period October 1, 2016 through June 30, 2017.

14. NEBF and its counsel made several demands for payment of the amounts determined by the auditor to be due, but Defendant failed to satisfy its contractual obligations.

15. Interest on the aforementioned delinquent contributions revealed by the audit is $113.85.

16. Liquidated damages on the aforementioned delinquent contributions revealed by the audit are equal to $95.64.

17. The cost of the audit, which is to be borne by Defendant, is $26.34.

18. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

19. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

20. Section 502(g)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

21. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to unpaid contributions, interest thereupon, liquidated damages, attorneys' fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

22. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount

equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor, and that the Court's judgment include:

(a) **$15,333.70**, representing known unpaid delinquent contributions due and owing the NEBF for the period May 2016 through December 2018;

(b) **$1,448.69**, representing interest on the aforementioned delinquent contributions, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c) an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full;

(d) **$3,066.74**, representing liquidated damages in the amount of 20% of the contributions due and owing the NEBF;

(e) **$26.34**, representing the cost to the NEBF of the audit of Defendant's payroll records;

(f) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiff further prays that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: January 28, 2019                    */s/ Jennifer Bush Hawkins*
                                                          Jennifer Bush Hawkins  (13064)

POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street, N.W., Suite 1020
Washington, DC 20001
Phone:  (202) 223-0888
Fax:     (202) 223-3868
jhawkins@phk-law.com

*Attorney for Plaintiff*
*National Electrical Benefit Fund*