**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-257 |
| LIGHTHOUSE ELECTRIC, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff National Electrical Benefit Fund ("Plaintiff" or "NEBF") brings this action against Defendant Lighthouse Electric, Inc. ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk entered default against Defendant on March 26, 2019. ECF No. 7. Now pending before the Court is Plaintiff's Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, Plaintiff's Motion for Default Judgment is granted.

**I.     BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, ECF Nos. 6-1, 6-2. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), which has been established pursuant to an agreement entered into between the

International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 1 ¶ 4; ECF No. 6-2 ¶ 3. Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. ECF No. 1 ¶ 4; ECF No. 6-2 ¶ 3. The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. ECF No. 1 ¶ 4.

Plaintiff states, upon information and belief, that Defendant is an Illinois corporation whose business address and main place of business is 35 Country Manor Lane, Orland Park, Illinois 60467. *Id.* ¶ 5. Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce. *Id.*

At all times relevant to the action, Defendant was a signatory to collective bargaining agreements ("Collective Bargaining Agreements") with IBEW Local Unions 134 and 461, the collective bargaining representatives of Defendant's employees. *Id.* ¶ 6; ECF No. 6-2 ¶¶ 4–6. The Collective Bargaining Agreements obligated Defendant to submit contributions to the NEBF through the NEBF's local collection agent on behalf of employees covered by the Agreements. ECF No. 1 ¶ 6; ECF No. 6-2 at 13, 16.[1] Defendant was also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust ("Trust Agreement"), which governed administration of the NEBF. ECF No. 1 ¶ 7; ECF No. 6-2 ¶ 8; *id.* at 19–20, 38.

Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the Trust Agreement, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees. ECF No. 1 ¶ 8; ECF No. 6-2 ¶ 9. According to reports that Defendant prepared and submitted to the NEBF's local collection agent, Defendant failed to pay the NEBF at least $14,855.48 in contributions between May 2016 and December 2018, despite several

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

demands from the NEBF and its counsel. ECF No. 1 ¶¶ 9–10; ECF No. 6-2 at 50–51. Interest on the delinquent contributions at the time the Complaint was filed was $1,344.84, and liquidated damages totaled $2,971.10. ECF No. 1 ¶¶ 11–12; ECF No. 6-2 at 50–51. By March 2019, interest on the reported delinquent contributions was $1605.70. ECF No. 6-2 at 50–51.

Additionally, according to a 2018 independent audit of Defendant's books and records, Defendant owes the NEBF at least $478.22 in unpaid delinquent contributions for the period between October 1, 2016 and June 30, 2017. ECF No. 1 ¶ 13; ECF No. 6-2 ¶ 10. Defendant failed to submit the contributions despite several demands for payment by the NEBF and its counsel. ECF No. 1 ¶ 14; ECF No. 6-2 ¶ 10–11. Interest on the delinquent contributions revealed by the audit totals $113.85, while liquidated damages are $95.64. ECF No. 1 ¶¶ 15–16; ECF No. 6-2 at 56. The cost of the audit was $26.34. ECF No. 1 ¶ 17; ECF No. 6-2 at 56, 59–60.

Plaintiff asserts that the Trustees to the NEBF ("Trustees") will be required to provide benefits to Defendant's employees upon retirement based on their credited years of service, which includes the period in which Defendant has failed to contribute. ECF No. 1 ¶ 18. The Trust Agreement, pursuant to ERISA, authorizes the Trustees to take all necessary actions to recover delinquent contributions, interest on the delinquent contributions at the rate of ten percent per annum, liquidated damages in an amount of twenty percent of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency. *Id.* ¶ 22; ECF No. 6-2 ¶ 12.

Plaintiff filed the instant Complaint against Defendant on January 28, 2019. ECF No. 1. The Complaint seeks the total amount of Defendant's known unpaid delinquent contributions, interest on the delinquent contributions, liquidated damages, the cost of the audit, and an award of attorney's fees and costs, in addition to an order that interest will accrue on all delinquent

contributions at the rate of ten percent per annum until paid in full. *Id.* at 5. Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on February 10, 2019. ECF No. 4 at 1. An Answer was due on or before March 4, 2019. ECF No. 6. No Answer was filed, Plaintiff moved for default on March 20, 2019, ECF No. 5, and the Clerk entered default against Defendant on March 26, 2019, ECF No. 7. Concurrent with its motion for entry of default by the Clerk, Plaintiff filed the pending Motion for Default Judgment. ECF No. 6.

## II. STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent

determination regarding damages . . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "affidavits or documentary evidence in the record to determine the appropriate sum." *Int'l Painters & Allied Trades Indus. Pension Fund*, 919 F. Supp. 2d at 684 (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010)).

## III. DISCUSSION

The Court has subject matter jurisdiction over this action pursuant to Sections 502 and 4301(c) of ERISA, 29 U.S.C. §§ 1132, 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the NEBF is administered in Rockville, Maryland. *See Trs. of Nat'l Asbestos Workers Pension Fund & Med. Fund v. Lake Erie Insulation Co.*, 688 F. Supp. 1059, 1060 (D. Md. 1988); *Trs. of Nat'l Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). Plaintiff alleges that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to make contributions to the NEBF, but failed to do so between May 2016 and December 2018, despite demands from the NEBF and its

counsel. ECF No. 1 ¶¶ 9–10. Assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendant's liability under the Collective Bargaining Agreements, Trust Agreement, and Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2).

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Int'l Painters & Allied Trades Indus. Pension Fund*, 919 F. Supp. 2d at 686; *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Columbus Show Case Co.*, No. 1:14-cv-478, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012).

Plaintiff has also submitted an Affidavit from Angel Losquadro, Director of the Audit and Delinquency Department of the NEBF. ECF No. 6-2 at 1–4. Losquadro attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), the NEBF is authorized to recover interest on delinquent contributions at a rate of ten percent per annum, liquidated damages in the amount

of twenty percent of the delinquency, audit expenses, and attorneys' fees and costs. *Id.* ¶ 12. The Trust Agreement, provided as an exhibit, confirms this authorization. *Id.* at 43–44.

Also included as an exhibit to the Losquadro Affidavit is a Delinquency Report for the months of December 2015 through March 2019. ECF No. 6-2 at 64–65. The Report, which combines the delinquencies arising from Defendant's reports to the NEBF and those discovered in the audit, indicates that $15,333.70 in unpaid contributions remained outstanding during the months between May 2016 and March 2019, as well as $3,066.74 in liquidated damages and $1,729.46 in interest, as well as $26.34 for the cost of the audit. *Id.* Plaintiff therefore seeks a total of $20,156.24 before attorneys' fees and costs. *Id.* ¶ 13.

In support of its request for fees and costs, Plaintiff attaches the Affidavit of attorney Jennifer Bush Hawkins. ECF No. 6-1; *see id.* at 1 (noting that Hawkins has been a licensed attorney for twenty-five years). The Affidavit attests that in bringing this action, the NEBF has incurred attorneys' fees of $953.90, which represents 1.6 hours of work by Hawkins at an hourly rate of $379.00 and 2.5 hours of work by legal assistant Caroline Lippie at an hourly rate of $139.00. *Id.* at 2–3. The Affidavit also attests to $550.00 in costs, which includes a $400.00 filing fee and $150.00 for service of process, for a total of $1503.90 in fees and costs. *Id.* at 3. The Court finds the time billed and hourly rates applied to be reasonable and commensurate with this District's Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. *See* Loc. R. app. B (D. Md.). Therefore, the request will be granted in full.

The Court notes that Plaintiff's Complaint sought judgment in Plaintiff's favor of $19,875.47 in delinquent contributions, interest, liquidated damages, and the cost of the audit, in addition to "an award of all reasonable attorneys' fees and the costs of this action." ECF No. 1 at 5. Adding Plaintiff's later request for $1503.90 in attorneys' fees and costs produces a total of

$21,379.37. Plaintiff's Motion for Default Judgment and the Losquadro Affidavit, however, seek judgment in the amount of $21,660.14. ECF No. 6 ¶ 8; ECF No. 6-2 ¶ 15.

The reason for the discrepancy is that the Losquadro Affidavit's exhibits include interest charged on the delinquent contributions between the filing of the Complaint in January 2019 and the filing of the Motion for Default Judgment in March 2019. *Compare* ECF No. 1 at 5 *with* ECF No. 6-2 at 65. While Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," this Court has held that an increase of the type that Plaintiff seeks here is permissible when Defendants had notice that an additional unspecified amount of interest would become due in subsequent months after filing the Complaint. *See Nat'l Elec. Benefit Fund v. United Network Sys., Inc.*, No. GJH-17-00027, 2017 WL 5056418, at *3 n.2 (D. Md. Oct, 30, 2017). The Court will therefore enter judgment in the full amount that Plaintiff seeks.

Plaintiff's Complaint additionally requests that the Court order that interest will accrue on delinquent contributions at the rate of 10 percent per annum until paid in full. ECF No. 1 at 5. Plaintiff has not restated that request in its Motion for Default Judgment, which simply seeks "interest on all amounts awarded." ECF No. 6 ¶ 8. Post-judgment interest shall be calculated and awarded pursuant to 28 U.S.C. § 1961. *See Nat'l Elec. Benefit Fund v. Force Electric, Inc.*, No. TDC-15-1788, 2016 WL 266448, at *3 (D. Md. Jan. 20, 2016).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 6, is granted against Defendant in the total amount of $21,660.14. A separate Order shall issue.

Date: <u>December 23, 2019</u>　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge